O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERESA MATA,** ) | NO. CV 08-1290-MAN |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | AND ORDER |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the** ) | |
| **Social Security Administration,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff filed a Complaint on March 4, 2008, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for supplemental security income ("SSI").  On March 21, 2008, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The parties filed a Joint Stipulation on November 12, 2008, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for the correction of legal errors; and defendant seeks an order affirming the Commissioner's decision.  The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On June 17, 2004, plaintiff filed an application for SSI. (Administrative Record ("A.R.") 62-68.) Plaintiff alleges an inability to work since January 1, 2002, due to bronchial asthma, osteoarthritis, fatigue, dizziness, headaches, knee pain, joint pain, chest pain, memory loss, and loss of concentration. (A.R. 65, 73, 112.) Plaintiff, who has a sixth grade education obtained in Mexico, has past work experience as a tea packer, garment trimmer, and child care worker. (A.R. 74, 273.)

The Commissioner denied plaintiff's application initially and upon reconsideration. (A.R. 47-51, 53-57.) On January 10, 2007, plaintiff, who was represented by counsel and aided by a Spanish language interpreter, testified at a hearing before Administrative Law Judge F. Keith Varni ("ALJ"). (A.R. 58-59, 267-81.) On March 19, 2007, the ALJ denied plaintiff's claim, and the Appeals Council subsequently denied plaintiff's request for review. (A.R. 5-7, 14-26.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff, who was 61 years old at the time of the hearing, has not engaged in substantial gainful activity since June 17, 2004. (A.R. 19.) The ALJ determined that plaintiff suffers from numerous medically determinable impairments, including "a history of a benign brain tumor (status post resection) and hemangioblastoma, a history of hydrocephalus, a history of asthma, and dysthymia." (*Id*.) The ALJ found that plaintiff's arthritis, degenerative joint disease,

coronary artery disease, chest pain, and borderline intellectual functioning are *not* medically determinable impairments. (A.R. 19-20.)

The ALJ further found that plaintiff "does not have an impairment or combination of impairments that more than minimally limits (or is expected to more than minimally limit) her ability to perform basic work-related activities for twelve consecutive months; therefore, [plaintiff] does not have a severe impairment or combination of impairments." (A.R. 20.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since June 17, 2004, the date her application was filed. (A.R. 25.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a

whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges a single issue: whether the ALJ erred in determining that plaintiff did not suffer from a severe mental impairment. For the reasons set forth below, the Court concludes that this issue can not be addressed appropriately until the record regarding the nature and extent of plaintiff's alleged mental impairments has been

developed further.[1]

### I. The ALJ Erred In Failing To Develop The Record Adequately Regarding Plaintiff's Mental Impairments.

In social security cases, the law is well-settled that the ALJ has an affirmative "'duty to fully and fairly develop the record and to assure that the claimant's interests are considered . . . even when the claimant is represented by counsel.'" Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003)(ellipses in original; quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)); Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996). "The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous." Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)(citing Tonapetyan v. Halter, 242 F.3d at 1144, 1150 (9th Cir. 2001)). "In cases of mental impairments, this duty is especially important." DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1990); *see also* Tonapetyan, 242 F.3d at 1144 (ALJ has a heightened duty to develop the record where the claimant is mentally ill and therefore unable to protect her own interests); Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir. 1992). The ALJ's duty to develop the record extends from the basic premise that social security hearings are not adversarial in

---

[1] It is well-settled that the step-two severity inquiry is merely a *de minimis* screening device to dispose of groundless claims. *See, e.g.*, Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001). In view of this principle, the Court is inclined to find error in the ALJ's conclusion that plaintiff's alleged mental impairments are "not severe." However, before a proper determination regarding plaintiff's disability claim can be made, the record regarding plaintiff's mental impairments must be developed further.

nature. Orcutt v. Barnhart, 2005 WL 2387702, *3 (C.D. Cal. 2005); *see also* Sims v. Apfel, 530 U.S. 103, 111, 120 S. Ct. 2080, 2085 (2000)("It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits"); 20 C.F.R. § 416.1444 (at the Administrative Hearing, the ALJ "looks fully into the issues").

In Smolen, 80 F.3d at 1273, the Ninth Circuit held that the ALJ erred in rejecting the uncontroverted opinion of a treating physician. The ALJ rejected that opinion because, among other reasons, the physician did not explain the basis for his "yes or no" responses to leading questions posed by the claimant's attorney, and because the ALJ thought that his responses "might have been based on unwarranted assumptions" about the claimant's impairments. *See id.* at 1288. The Ninth Circuit observed that "[i]f the ALJ thought he needed to know the basis of [the treating physician's opinions] in order to evaluate them, he had a duty to conduct an appropriate inquiry" and held that the ALJ erred in failing to develop the record further. *Id.* (citations omitted); *see* 20 C.F.R. § 416.927(c)(3) ("If the evidence is consistent but we do not have sufficient evidence to decide whether you are disabled, or if after weighing the evidence we decide we cannot reach a conclusion about whether you are disabled, we will try to obtain additional evidence under the provisions of §§ 416.912 and 416.919 through 416.919h. We will request additional existing records, recontact your treating sources or any other examining sources, ask you to undergo a consultative examination at our expense, or ask you or others for more information.").

In Kang v. Bowen, 1989 WL 281938, *3 (N.D. Cal. 1989), the ALJ

1  discredited the IQ test scores of a primarily Korean-speaking claimant,
2  who alleged disability based upon a low IQ, because "the claimant's test
3  performance [on English-language-based testing] is admittedly not a
4  valid representation of her true capacity given the significant language
5  barrier."  *Id.*  Persuaded by the examining consultant's report that it
6  was uncertain what effect the claimant's language difficulties had on
7  the IQ test results, the ALJ found the test results to be invalid.  *Id*.
8  However, instead of obtaining valid and necessary tests to determine the
9  extent of the claimant's disability, the ALJ made findings of fact and
10 conclusions of law without the aid of reliable IQ scores.  *Id.* at *4.
11 The Court held that the ALJ did not perform his duty to fully and fairly
12 develop the evidence, and "[i]f the ALJ was not satisfied that [the] IQ
13 scores were valid due to language and cultural factors, the ALJ should
14 have ordered other tests to permit the ALJ to make an informed
15 decision."  *Id*.

17     Similarly, in Ballard v. Bowen, 690 F. Supp. 474, 481 (E.D. Va.
18 1988), the Court remanded a case -- in which the plaintiff claimed to be
19 disabled based upon borderline intelligence -- for further
20 administrative proceedings, because no standardized tests were
21 administered to the plaintiff.  The Court found that standardized tests
22 "should be administered and interpreted by a psychologist or
23 psychiatrist qualified by training and experience to perform such an
24 evaluation," and following such testing, the ALJ should "consider anew
25 whether plaintiff is disabled."  *Id.* at 480-81.

27     In the instant case, consultative clinical psychologist, Ahmad R.
28 Riahinejad, Ph.D., examined plaintiff, at the request of the

Commissioner and diagnosed her with borderline intellectual functioning and dysthymia.[2] (A.R. 187-88.) Consistently with Dr. Riahinejad's diagnoses, the state agency physician also found that plaintiff has borderline intellectual functioning and dysthymia and, by failing to check the "impairment not severe" box, declined to characterize these impairments as not severe. (A.R. 189.)

Despite these diagnoses, the ALJ determined that plaintiff's borderline intellectual functioning was not a medically determinable impairment, and plaintiff's dysthymia, while medically determinable, was not a "severe" impairment. (A.R. 20, 23.) The ALJ reasoned that, "the protocols used during the psychological consultative evaluation . . . are designed for and based on experience with English speaking, at least somewhat educated Americans. [Plaintiff], who has a minimal foreign education, asserted being completely without any ability to speak, read or write English, has been in this country for a relatively short time and has minimal employment exposure." (*Id*.) The ALJ further reasoned that he found it "difficult[] to credit the results of the psychological evaluation as a valid indicator of anything other than a reflection of [plaintiff's] educational, cultural and whole life experiences and not a reflection of inherently deficient cognition of intelligence." (*Id*.)

Here, as in Kang, *supra*, the ALJ erred by failing to make an informed decision on a complete record. Indeed, the ALJ's stated belief that the protocols used during plaintiff's consultative psychological

---

[2] Dysthymia is defined as a "chronically depressed mood that is present more than 50% of the time for at least 2 years in adults or 1 year for children or adolescents." Taber's CYCLOPEDIC MEDICAL DICTIONARY 653 (20th ed. 2005).

8

evaluation were invalid and/or produced questionable results, given plaintiff's lack of education, significant language barrier, and cultural differences, triggered the ALJ's duty to develop the record further.[3] The ALJ should have requested that plaintiff undergo additional testing with the use of proper protocols and/or sought further explanation from Dr. Riahinejad regarding his diagnoses of plaintiff's borderline intellectual functioning and dysthymia. The ALJ's failure to do so constitutes error.

Accordingly, this case must be remanded to allow the ALJ to comply with his duty to fully and fairly develop the record. On remand, the ALJ must ensure that a suitable consultative psychological evaluation is obtained so that a proper disability determination can be made on a complete record.

## II. **Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("the decision of whether to remand for further proceedings turns upon

---

[3] Even the Commissioner acknowledges that the psychological tests administered by Dr. Riahinejad were designed for "English speaking 'somewhat educated' Americans (AR 20)." (Joint Stipulation at 12.) Plaintiff, as previously mentioned, has a sixth grade education obtained in Mexico and requires a Spanish language interpreter to communicate effectively in English.

the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) (remand appropriate to remedy defects in the record).

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 26, 2009

                                /s/
                        MARGARET A. NAGLE
                    UNITED STATES MAGISTRATE JUDGE